IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| IN RE: |  |
| MAYAGUEZ ADVANCED RADIOTHERAPY CENTER, INC. | CASE NO. 09-04540 BKT |
| DEBTOR | Chapter 11 |
| MAYAGUEZ ADVANCED RADIOTHERAPY CENTER, INC. |  |
| PLAINTIFF | ADV. NO.: 10-0159 |
| VS. |  |
| MAYAGUEZ MEDICAL CENTER-DR. RAMON EMETERIO BETANCES, INC.; ET ALS. | FILED & ENTERED ON 12/03/2010 |
| DEFENDANTS |  |

**OPINION AND ORDER**

This proceeding is before the Court upon Plaintiff's Motion for Reconsideration of the Court's Opinion and Order filed on November 9, 2010 [Dkt. No. 24], and Defendant's Opposition to the reconsideration motion filed on December 2, 2010 [Dkt. No. 28]. The Plaintiff requests reconsideration of the dismissal of the case in its totality, as it submits that the case is not subject to dismissal pursuant to the standard of law applicable to a motion to dismiss. The Defendant argues in its Opposition that the Reconsideration motion must be denied because the Court's finding and conclusion as to the lack of irreparable harm to Debtor mandates not only the denial of the preliminary injunction, but also the dismissal of the Verified Complaint For the reasons set forth below, Plaintiff's motion for reconsideration is hereby DENIED.

## PROCEDURAL BACKGROUND & DISCUSSION

Plaintiff seeks reconsideration pursuant to Federal Rules of Bankruptcy Procedure 9023, which makes Federal Rules of Civil Procedure 59 applicable to bankruptcy proceedings. This rule states that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment."Fed. R. Civ. P. 59(e). In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) *quoting* Pomerleau v. W. Springfield Pub. Sch., 362 F. 3d 143, 146 n. 2 (1st Cir. 2004). In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Federal Rules of Civil Procedure 59 (e). The grounds are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F 3rd at 7 (citing 11 C. Wright et al., *Federal Practice & Procedure* § 2810.1 (2d ed. 1995)).

Reconsideration of a judgment under Rule 59 is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment. It is directed at allowing a court to correct it own errors. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982). Moreover, it is well settled that Rule 59 (e) does not exist to give parties a second chance to prevail on the merits generally. Rule 59 (e) is not to be used to reassert arguments and theories previously rejected by the Court. The rule is "aimed at reconsideration, not initial consideration." Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). See also, Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial,

<u>Inc.</u>, 899 F. 2d 119, 123 (1st Cir. 1999) (Rule 59 (e) does not allow the losing party to rehash old arguments, previously considered and rejected).

The Court finds unnecessary and superfluous a discussion of the arguments already considered and rejected upon the analysis that led to granting of the motion to dismiss filed by Defendants. Nevertheless, in support of its motion for reconsideration, Plaintiff alleges that they had a lawful convent with Medical Education Health Services, Inc., that provided for free parking to employees and patients and lawful lateral entry to the cancer treatment facilities. That by way of alleged unlawful conduct that is the subject of parallel litigation before this court, Defendant took over the contract and that Defendant unilaterally altered the terms of the contract in breach of the Civil Code and for retaliatory reasons proscribed by the Bankruptcy Code. That as a result of this conduct, Defendant is causing irreparable harm to Plaintiff's interests. The Plaintiff prays that the Court reconsider its dismissal of the case for failure to state a claim. Defendant's motion to dismiss does not foreclose Plaintiff's claim as a matter of law; and as such, Plaintiff is entitled to present evidence to show that a valid agreement existed with respect to the parking and entrance arrangements.

Notwithstanding these allegations presented in the reconsideration motion, the plaintiff had several opportunities to present an actual contract or an affidavit evidencing the material terms and conditions of an oral contract, but did not. The plaintiff had an opportunity to reply to the Defendant's motion to dismiss in writing and orally at the hearing held on October 7, 2010, after which the Court determined that an evidentiary hearing was not necessary. To date, Plaintiff still has not submitted any written contract, even with its Motion for

Reconsideration, nor an affidavit in support of its allegation of the existence of an oral contract.

Absent a manifest error of law or newly found evidence, the court is not in a position to reconsider its previous order. Because Plaintiffs have failed to establish a manifest error of law and/or failed to present newly discovered evidence, this Court finds that Plaintiff is not entitled to reconsideration under Federal Rule of Bankruptcy Procedure 9023.

WHEREFORE, IT IS ORDERED that PLAINTIFF's motion for reconsideration shall be, and it hereby is, DENIED. The case remains dismissed.

San Juan, Puerto Rico, this 03 day of December, 2010.

**Brian K. Tester**
**U.S. Bankruptcy Judge**

CC:   ALL CREDITORS